United States District Court
Southern District of Texas
**ENTERED**
October 04, 2023
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| SPECTRAL INSTRUMENTS IMAGING, LLC, §§§§ Plaintiff. § § V. § § SCINTICA INCORPORATED, §§§ Defendant. § | CIVIL ACTION NO. 4:22-cv-00043 |

## OPINION AND ORDER

Plaintiff Spectral Instruments Imaging, LLC ("Spectral") filed this patent infringement case against Defendant Scintica Inc. ("Scintica"). The deadline to amend pleadings was September 26, 2022. *See* Dkt. 32 at 2.[1] That deadline came and went without Scintica filing an amended complaint. More than six months after the deadline to amend pleadings had passed, Spectral moved for leave to amend its complaint to join three foreign defendants: (1) Scintica Instrumentation, Inc. ("Scintica Canada"); (2) Bio-Imaging SAS d/b/a Vilber ("Vilber France"); and (3) Bio-Imaging Asia PTE. LTD d/b/a Vilber Bio Imaging Asia ("Vilber Singapore") (collectively, "Foreign Entities"). *See* Dkt. 49. Scintica opposes this tardy effort to amend the complaint, arguing that "Spectral has known of these parties and their relevance since long before" the filing of this lawsuit. Dkt. 51 at 3. There is simply no justification, Scintica contends, for Spectral's flagrant disregard of the amended pleadings deadline.

---

[1] The Amended Patent Case Scheduling Order (Dkt. 32), entered on November 23, 2022, modified certain dates in the Docket Control Order (Dkt. 22), entered on June 25, 2022. The deadline to amend pleadings—September 26, 2022—is the same in both documents.

After considering the parties' arguments and the applicable law, I **GRANT** Plaintiff's Motion for Leave to Amend Complaint.[2] I outline my reasoning below.

## LEGAL STANDARD

Federal Rule of Civil Procedure 15 provides that a district court "should freely give leave [to amend a complaint] when justice so requires." FED R. CIV. P. 15(a)(2). Although Rule 15 ordinarily governs the amendment of pleadings, "Rule 16(b) governs the amendment of pleadings" where, as here, "a scheduling order's deadline to amend has expired." *Filgueira v. U.S. Bank Nat'l Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013) (quotation omitted). Under Rule 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). "The good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) (quotation omitted). In determining whether good cause has been shown, district courts consider four factors: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Meaux Surface Prot., Inc. v. Fogleman*, 607 F.3d 161, 167 (5th Cir. 2010). "[I]t is [also] appropriate for the court to consider judicial economy and the most expeditious way to dispose of the merits of the litigation." *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981); *see also Lumpkins v. Off. of Cmty. Dev.*, 621 F. App'x 264, 271 (5th Cir. 2015) (noting that courts consider "judicial economy and effective case management" in deciding whether to grant leave to amend).

---

[2] A motion to amend the pleadings is a non-dispositive matter that may be ruled on by a magistrate judge by order, not a memorandum and recommendation. *See Benjamin v. Bank of N.Y. Mellon*, No. 4:20-CV-00214, 2021 WL 672344, at *1 (S.D. Tex. Feb. 22, 2021).

## ANALYSIS

I will address, one-by-one, the four factors the Fifth Circuit instructs district courts to consider when deciding whether a plaintiff has made a showing of good cause sufficient to allow the filing of an out-of-time amended complaint.

**1. The Explanation for the Failure to Timely Move for Leave to Amend**

The first factor requires the party seeking leave to amend to proffer a viable explanation for its failure to timely move for leave to amend the complaint. On this issue, Spectral acknowledges that it was aware, before commencing this lawsuit, "that the central accused products in this matter . . . were manufactured abroad and that the company primarily responsible for the design and development was Vilber France." Dkt. 49 at 5. Spectral also admits that it has known for a long time that Scintica "had some relationship with Scintica Canada and that there was some common ownership interest between them." *Id.* at 6. So why did Spectral not include Vilber France, Vilber Singapore, and Scintica Canada as defendants at the outset of this action or, at the very least, by the September 26, 2022 pleading deadline?

Spectral claims that it "believed that the Vilber entities and Scintica Canada had no physical presence in the United States, that they were not incorporated in the United States, and that they were otherwise beyond the jurisdiction of this Court based on publicly available information." *Id.*; *see also* Dkt. 55 at 4 ("Without any facts or evidence establishing personal jurisdiction over the foreign entities, there was no Rule 11 basis to add the Foreign [Entities]."). It was only after the pleading "deadline passed[] that Spectral learned for the first time that the Foreign Entities had themselves committed independent acts of infringement in the United States, subjecting them to jurisdiction in this Court." Dkt. 49 at 4–5. This explanation is persuasive. Spectral could not have added the Foreign Entities to the lawsuit until it had reason to believe that those entities participated in U.S.-based efforts to sell or offer for sale the accused products to customers.

Spectral contends that it first learned in December 2022 of facts that could give rise to personal jurisdiction over the Foreign Entities. What concerns me is why Spectral waited an additional four months—until April 2023—to first raise with the Court the prospect of adding the Foreign Entities to this action. Spectral "acknowledges that it could have moved more swiftly to amend its complaint," but maintains that it "had to conduct additional legal and factual analysis regarding its claims against the Foreign Entities in order to satisfy its Fed. R. Civ. P. 11 obligations, to ensure that this Court could exercise personal jurisdiction over the Foreign Entities." *Id.* at 12. Although I fully understand Spectral's reasoning, I still think Spectral's counsel should have moved quicker to seek leave to amend, especially when they knew that the pleading deadline had expired in late September 2022. Nonetheless, I find that this factor slightly supports allowing an amendment to the pleading deadline.

### 2. The Importance of the Amendment

Turning to the second factor, Spectral argues that "it is important to bring [the Foreign Entities] into this case[] so that they may be held accountable for their own acts of direct and indirect infringement." *Id.* at 5. That makes sense. Allowing Spectral to file an amended complaint adding the Foreign Entities will further the goals of judicial economy and the expedient resolution of disputes. *See Dussouy*, 660 F.2d at 598. If I deny Spectral's request to amend, Spectral would likely file a new action against the Foreign Entities, asserting the same patent infringement claims present in this action. If that happens, we will have two lawsuits instead of one, unnecessarily burdening the judicial system and delaying the ultimate resolution of this patent infringement matter. Accordingly, the proposed amendment is important, and this factor weighs in favor of allowing amendment.

### 3. Potential Prejudice in Allowing the Amendment

The third factor to consider is whether there would be potential prejudice in allowing the amendment. "A defendant is prejudiced if an added claim would require the defendant to reopen discovery and prepare a defense for a claim

different from the one that was before the court." *Smith v. EMC Corp.*, 393 F.3d 590, 596 (5th Cir. 2004) (cleaned up). It is telling that Scintica does not even bother to allege that it will be prejudiced by adding the Foreign Entities to this case. While the inclusion of three new defendants will unquestionably delay the conclusion of this matter, I fail to see how Scintica will be significantly prejudiced by the presence of three additional defendants in this case. This factor tilts towards granting Spectral the right to amend the complaint.

4. **The Availability of a Continuance to Cure Such Prejudice**

The fourth and final factor requires me to consider whether the availability of a continuance is sufficient to cure any prejudice. Because Scintica has failed to demonstrate that it will suffer any prejudice if I allow Spectral to amend its complaint, this factor is rather meaningless. Nonetheless, to the extent Scintica faces any prejudice, I am confident that a continuance will cure such prejudice. Thus, this factor favors allowing the proposed amendment.

* * *

Although I believe that Spectral could have acted more expeditiously in seeking to amend the complaint after uncovering jurisdictional facts in December 2022, I nonetheless find that Spectral has demonstrated good cause under Rule 16(b)(4) for modifying the Amended Patent Case Scheduling Order's pleading deadline. In reaching this conclusion, I have considered Spectral's explanation for its failure to timely amend its complaint, the importance of the proposed amendment, the lack of prejudice to Scintica, and the availability of a continuance, if necessary.

## CONCLUSION

Plaintiff's Motion for Leave to Amend Complaint (Dkt. 49) is **GRANTED**. Spectral is ordered to file its First Amended Complaint for Patent Infringement and Demand for Jury Trial by Thursday, October 5, 2023. Once the newly added defendants make an appearance in the case, the parties are ordered to file a letter

with the Court requesting the issuance of a Second Amended Patent Case Scheduling Order.

Finally, Spectral's request to compel Scintica to produce certain documents and provide for inspection of all Accused Devices (Dkt. 60) is **DENIED WITHOUT PREJUDICE** to allow Spectral to first seek such documentation from the Foreign Entities once they have appeared.

Signed this 4th day of October 2023.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE